

**FILED**

JAN 1 6 2008

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 74 FRINGE BENEFIT FUNDS,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED MASONRY RESTORATION, INC., an Illinois corporation,<br><br>Defendant. | No.<br><br>Judge **08CV0356**<br>Magi **JUDGE CASTILLO**<br>**MAG. JUDGE SCHENKIER** |

## COMPLAINT

Plaintiffs, Trustees of the Bricklayers and Allied Craftsmen Local 74 Fringe Benefit Funds, by their attorneys, DONALD D. SCHWARTZ and ARNOLD AND KADJAN, complain against Defendant, **UNITED MASONRY RESTORATION, INC.**, as follows:

### COUNT I

1.  (a)  Jurisdiction of this cause is based on Section 301 of the National Labor Relations Act, 29 U.S.C. Section 185(a) as amended.

    (b)  Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.  Venue is founded pursuant to 29 U.S.C. Section 1132(e)(2) in this District where the Funds, as described in Paragraph 3, are administered.

3.  (a)  The Plaintiffs in this count are Trustees of the Bricklayers and Allied Craftsmen Local 74 Fringe Benefit Funds ("Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

    (b)  The Funds have been established pursuant to collective bargaining

agreements previously entered into between the Bricklayers and Allied Craftsmen Local 74 (the "Union") and certain employer associations whose employees are covered by the collective bargaining agreement with the Union.

(c)   The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws and also pursuant to the terms and provisions of the agreements and Declarations of Trust which establish the Funds.

4.   (a)   Defendant, **UNITED MASONRY RESTORATION, INC. ("UNITED MASONRY")**, is an employer doing business within this Court's jurisdiction.

(b)   **UNITED MASONRY** is an employer engaged in an industry affecting commerce.

5.   Since on or about **July 1, 2007, UNITED MASONRY** has entered into successive collective bargaining agreement with the Union pursuant to which they are required to make periodic contributions to the Funds on behalf of certain of its employees (Exhibit "A").

6.   By virtue of certain provisions contained in the collective bargaining agreements, **UNITED MASONRY** is bound by the Trust Agreement establishing the Funds.

7.   Under the terms of the collective bargaining agreements and Trust Agreements to which it is bound, **UNITED MASONRY** is required to make contributions to the Funds on behalf of its employees and, when given reasonable notice by Plaintiffs or their representatives, to submit all necessary books and records to Plaintiffs' accountant for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Funds.

8.   Since **July 1, 2007, UNITED MASONRY** has admitted, acknowledged and ratified the collective bargaining agreements entered into with the Union by filing periodic report

2

forms with the Funds by making some but not all of the periodic payments to the Funds as required by the collective bargaining agreements.

9.  Plaintiffs are advised and believe that for **July 1, 2007 to the present, UNITED MASONRY,** has failed to make some of the contributions from time to time required to be paid by it to the Funds pursuant to the terms of the collective bargaining agreements and Trust Agreements by which it is bound, all in violation of its contractual obligations and its obligations under applicable state and federal statutes.

**WHEREFORE**, Plaintiffs pray for relief as follows:

A.  **UNITED MASONRY,** be ordered to submit to an audit for **July 1, 2007 to the present.**

B.  Judgment be entered in the amount due on the audit against **UNITED MASONRY.**

C.  Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the applicable agreements and ERISA Section 502 (g)(2).

D.  **UNITED MASONRY** be enjoined from violating the terms of the collective bargaining agreements and Trust Agreements by failing to make timely payments to the Funds and be ordered to resume making those payments.

E.  This Court grant Plaintiffs such other and further relief as it may deem appropriate under the circumstances.

Respectfully submitted,

**TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTSMEN LOCAL 74 FRINGE BENEFIT FUNDS,**

By: *[signature]*
One of their Attorneys

Donald D. Schwartz
**ARNOLD AND KADJAN**
19 West Jackson Blvd.
Chicago, Illinois 60604
(312) 236-0415

4

# MEMORANDUM OF UNDERSTANDING
(STANDARD BRICK)

**IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN**

NAME OF CONTRACTOR: United Masonry Restoration

ADDRESS: 567 N William
Thornton, IL 60476

TELEPHONE: (708) 774-8330    FAX: (219) 558-8685    FEIN #: 36-4616120

PLEASE INDICATE ONE OF THE FOLLOWING:
____ CORPORATION
____ PARTNERSHIP
✓ SOLE OWNER
____ OTHER, SPECIFY

AND ITS SUCCESSORS OR ASSIGNS (THE "EMPLOYER"), AND **ILLINOIS DISTRICT COUNCIL NO. 1 OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS, AFL-CIO**, CONSISTING OF **LOCAL UNIONS 20, 21, 27, 56, AND 74**, AND ANY SUCCESSOR THERETO (THE "DISTRICT COUNCIL"), AS FOLLOWS:

1. THE EMPLOYER RECOGNIZES THE DISTRICT COUNCIL AS THE SOLE AND EXCLUSIVE COLLECTIVE BARGAINING AGENT FOR ALL EMPLOYEES PERFORMING WORK OF THE SORT AND IN THE LOCATIONS DESCRIBED IN THE ASSOCIATION AGREEMENTS AS DEFINED IN ¶ 2 OF THIS MEMORANDUM OF UNDERSTANDING (THE "EMPLOYEES") FOR THE PURPOSE OF ESTABLISHING RATES OF PAY, FRINGE BENEFIT CONTRIBUTIONS, HOURS OF EMPLOYMENT, AND OTHER TERMS AND CONDITIONS OF EMPLOYMENT. THE EMPLOYER ACKNOWLEDGES AND AGREES IN RESPONSE TO THE DISTRICT COUNCIL'S CLAIM THAT THERE IS NO GOOD FAITH DOUBT THAT THE DISTRICT COUNCIL HAS BEEN AUTHORIZED TO AND IN FACT DOES REPRESENT A MAJORITY OF THE EMPLOYEES, AND THEREFORE THE EMPLOYER RECOGNIZES THE DISTRICT COUNCIL AS THE SOLE AND EXCLUSIVE COLLECTIVE BARGAINING AGENT FOR THE EMPLOYEES UNDER SECTION 9(A) OF THE NATIONAL LABOR RELATIONS ACT.

2. THE EMPLOYER AGREES TO BE BOUND BY THE TERMS AND CONDITIONS OF EMPLOYMENT COVERING THE TYPE OF WORK AND THE LOCATIONS WHERE THE WORK IS PERFORMED AS SET FORTH IN THE AGREEMENT OR AGREEMENTS ENTERED INTO FROM TIME TO TIME, INCLUDING AMENDMENTS THERETO, BETWEEN THE DISTRICT COUNCIL AND ONE OR MORE OF THE FOLLOWING EMPLOYER ASSOCIATIONS OR THEIR SUCCESSORS ("ASSOCIATION AGREEMENT" OR "ASSOCIATION AGREEMENTS"): MASON CONTRACTORS ASSOCIATION OF GREATER CHICAGO, BUILDERS ASSOCIATION OF GREATER CHICAGO, FOX VALLEY MASON CONTRACTORS ASSOCIATION, LAKE COUNTY CONTRACTORS ASSOCIATION, SOUTH DUPAGE COUNTY MASON CONTRACTORS ASSOCIATION, AND FOX VALLEY GENERAL CONTRACTORS ASSOCIATION, EXCEPT TO THE EXTENT THOSE TERMS AND CONDITIONS ARE MODIFIED BY THIS MEMORANDUM OF UNDERSTANDING. UPON REQUEST, THE DISTRICT COUNCIL WILL PROVIDE THE EMPLOYER WITH A COPY OF THE THEN CURRENT ASSOCIATION AGREEMENT.

3. IF, AS OF THE DAY FOLLOWING EXPIRATION OF THE THEN EXISTING ASSOCIATION AGREEMENTS ("COMMENCEMENT DATE"), THERE ARE LOCATIONS AND WORK FOR WHICH AN ASSOCIATION AGREEMENT IS NOT IN EFFECT, THE TERMS AND CONDITIONS, OTHER THAN THOSE RELATING TO DURATION AND TERMINATION, OF THE ASSOCIATION AGREEMENT OR AGREEMENTS EXPIRING IMMEDIATELY PRIOR TO THE COMMENCEMENT DATE SHALL ESTABLISH THE TERMS AND CONDITIONS OF EMPLOYMENT FOR THE EMPLOYEES FOR A PERIOD OF SIXTY DAYS BEGINNING WITH THE COMMENCEMENT DATE, OR UNTIL A NEW ASSOCIATION AGREEMENT IS EFFECTIVE, WHICHEVER OCCURS FIRST, FOLLOWING WHICH THE TERMS AND CONDITIONS SET FORTH IN THE NEW ASSOCIATION AGREEMENT, IF ANY, SHALL BE IN FULL FORCE AND EFFECT. WITHIN 30 DAYS OF THE EXECUTION OF A NEW ASSOCIATION AGREEMENT OR AGREEMENTS COVERING LOCATIONS AND WORK WHICH WERE NOT COVERED BY AN ASSOCIATION AGREEMENT AS OF THE COMMENCEMENT DATE, THE EMPLOYER SHALL MAKE RETROACTIVE PAYMENTS TO AND ON BEHALF OF ALL EMPLOYEES FOR ALL INCREASED WAGES AND BENEFITS AS PROVIDED IN THE NEW ASSOCIATION AGREEMENT OR AGREEMENTS FOR WORK PERFORMED BETWEEN THE COMMENCEMENT DATE AND THE TIME THAT SUCH NEW ASSOCIATION AGREEMENT OR AGREEMENTS ARE EFFECTIVE. THE DISTRICT COUNCIL, AT ITS SOLE DISCRETION, AND AT ANY TIME, MAY TERMINATE THIS PARAGRAPH OF THIS MEMORANDUM OF UNDERSTANDING BY GIVING THE EMPLOYER WRITTEN NOTICE OF SUCH TERMINATION, AND THE EMPLOYER WAIVES ANY CLAIMS IT MIGHT AT ANY TIME HAVE AGAINST THE DISTRICT COUNCIL FOR SO TERMINATING THIS PARAGRAPH REGARDLESS OF WHETHER THE DISTRICT COUNCIL TAKES SUCH ACTION WITH RESPECT TO THE EMPLOYER ALONE OR WITH RESPECT TO ANY OR ALL OTHER EMPLOYERS.

4. THIS MEMORANDUM OF UNDERSTANDING SHALL REMAIN IN EFFECT AND SHALL BE GOVERNED BY ASSOCIATION AGREEMENTS ENTERED INTO IN THE FUTURE AND COVERING FUTURE TIME PERIODS UNLESS AND UNTIL IT HAS BEEN TERMINATED BY EITHER PARTY GIVING WRITTEN NOTICE OF TERMINATION TO THE OTHER NOT LESS THAN 60 AND NOT MORE THAN 90 DAYS PRIOR TO THE TERMINATION DATE OF THE THEN APPLICABLE ASSOCIATION AGREEMENT, IN WHICH EVENT THIS MEMORANDUM OF UNDERSTANDING SHALL TERMINATE ON THE

D:\STAND. BRICK M. OF U. .doc

**EXHIBIT A**

LAST DAY OF THE THEN APPLICABLE ASSOCIATION AGREEMENT. IN THE EVENT NO SUCH NOTICE IS GIVEN, THIS MEMORANDUM OF UNDERSTANDING SHALL REMAIN IN EFFECT UNTIL TERMINATED IN ACCORDANCE WITH ITS TERMS.

5. THE EMPLOYER AGREES TO PAY THE AMOUNTS OF THE CONTRIBUTIONS WHICH IT IS BOUND TO PAY TO THE SEVERAL FRINGE BENEFIT FUNDS DESCRIBED IN THE ASSOCIATION AGREEMENTS AND AGREES TO AND IS HEREBY BOUND BY AND CONSIDERED TO BE A PARTY TO THE AGREEMENTS AND DECLARATIONS OF TRUST CREATING EACH OF THOSE TRUST FUNDS, TOGETHER WITH ANY RESTATEMENTS OR AMENDMENTS THERETO WHICH HAVE BEEN OR MAY BE ADOPTED, AS IF IT HAD BEEN A PARTY TO AND SIGNED THE ORIGINAL COPIES OF THE TRUST INSTRUMENTS. THE EMPLOYER RATIFIES AND CONFIRMS THE APPOINTMENT OF EACH OF THE EMPLOYER TRUSTEES, WHO SHALL, TOGETHER WITH THEIR SUCCESSOR TRUSTEES DESIGNATED IN THE MANNER PROVIDED IN THOSE AGREEMENTS AND DECLARATIONS OF TRUST, AND, WHERE APPLICABLE, JOINTLY WITH AN EQUAL NUMBER OF TRUSTEES REPRESENTING EMPLOYEES, CARRY OUT THE TERMS AND CONDITIONS OF THE TRUST INSTRUMENTS.

6. WITH RESPECT TO THE AMOUNT OF CONTRIBUTIONS PAYABLE UNDER ASSOCIATION AGREEMENTS TO THE INTERNATIONAL MASONRY INSTITUTE, ILLINOIS MASONRY INSTITUTE PROMOTION TRUST, MASONRY INDUSTRY ADVANCEMENT FUND, ANY OF THEIR SUCCESSORS, OR ANY INDUSTRY AND/OR PROMOTION FUND WHICH MAY AT ANY TIME BE IDENTIFIED IN ANY ASSOCIATION AGREEMENT ("INDUSTRY OR PROMOTION FUNDS"), THE DISTRICT COUNCIL, AT ITS SOLE DISCRETION, SHALL HAVE THE RIGHT AT ANY TIME, AND FROM TIME TO TIME, TO ALLOCATE AND REALLOCATE ALL OR ANY PART OF THE AMOUNT OF SUCH CONTRIBUTIONS TO OR AMONG WAGES, CONTRIBUTIONS TO ONE OR MORE SUCH INDUSTRY OR PROMOTION FUNDS, OR ANY COMBINATION THEREOF. ANY SUCH ALLOCATION OR REALLOCATION SHALL BE EFFECTIVE 30 DAYS AFTER THE DISTRICT COUNCIL MAILS WRITTEN NOTICE THEREOF TO THE EMPLOYER. THE PARTIES AGREE THAT, INASMUCH AS THE TOTAL AMOUNT OF WAGES AND FRINGE BENEFIT CONTRIBUTIONS WHICH THE EMPLOYER IS OBLIGATED TO PAY SHALL REMAIN UNCHANGED, ANY SUCH ALLOCATION OR REALLOCATION BETWEEN INDUSTRY OR PROMOTION FUND CONTRIBUTIONS AND WAGES, OR BETWEEN OR AMONG INDUSTRY OR PROMOTION FUNDS, SHALL NOT BE DEEMED TO RESULT IN A MORE FAVORABLE WAGE OR ECONOMIC FRINGE BENEFIT RATE FOR PURPOSES OF "MOST FAVORED NATION" PROVISIONS OF THIS MEMORANDUM OF UNDERSTANDING OR ASSOCIATION AGREEMENTS.

7. ANY MEMORANDUM OF UNDERSTANDING OR OTHER AGREEMENT PREVIOUSLY EXECUTED BY THE PARTIES IS SUPERSEDED BY THIS MEMORANDUM OF UNDERSTANDING.

▶ DATED THIS __15__ DAY OF __July__, __07__.

COMPANY NAME: __United Masonry Restoration__ (PRINT)

CONTRACT SIGNED BY: _____

PLEASE PRINT NAME: __Janie Tedeschi__

TITLE: __Owner__ (PRINT)

ILLINOIS DISTRICT COUNCIL NO. 1 OF THE
INTERNATIONAL UNION OF BRICKLAYERS AND
ALLIED CRAFTWORKERS, AFL-CIO

BY: _____
PRESIDENT OF ILLINOIS DISTRICT COUNCIL No. 1

NOTE: NOT VALID UNLESS SIGNED BY THE DISTRICT COUNCIL PRESIDENT

RECEIVED BY: _____
UNION REPRESENTATIVE

JOB LOCATION: __Local 74 Office__

5/5/05

D:\STAND. BRICK M. OF U. - .DOC